977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wesley Vaughn KAYLOR, Petitioner-Appellant,
v.
W. Jeff REYNOLDS, Commissioner, Howard Carlton, Warden,
Respondents-Appellees.
 No. 92-5460.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 1
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Wesley Vaughn Kaylor, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Kaylor was convicted by a jury of two counts of first degree murder and one count of armed robbery. He was sentenced to two life terms and a twenty-year term, all to run concurrently. His direct appeal was denied by the Tennessee appellate courts. He then filed a petition for post-conviction relief which was denied by the trial court due to Kaylor's failure to raise his claims at trial or on direct appeal. The Tennessee Court of Criminal Appeals affirmed the trial court's decision, finding his claims were deemed waived pursuant to Tenn.Code Ann. § 40-30-112. Alternatively, the Tennessee appellate court considered the merits of Kaylor's claims based on his argument that the procedural default was due to ineffective assistance of counsel. The court found that his claims were nonetheless frivolous. Kaylor's request for permission to appeal was denied by the Tennessee Supreme Court.
 
 
 4
 In his habeas petition, he argued that his conviction was obtained pursuant to an unlawful arrest and was based upon a coerced confession. He also alleged approximately four separate instances of ineffective assistance of counsel including: (1) failure to file a motion to suppress his confession and object to its introduction at trial; (2) failure to insist on having a preliminary hearing; (3) failure to properly research and investigate his case; and (4) failure to properly consult and advise him regarding trial strategy, especially his right not to testify.
 
 
 5
 A magistrate judge recommended dismissing the petition. After de novo review in light of Kaylor's objections, the district court adopted the report and recommendation of the magistrate judge and dismissed the petition.
 
 
 6
 On appeal, Kaylor advances those claims which he raised before the district court. He has filed a motion for the appointment of counsel.
 
 
 7
 Upon review, we conclude that the district court properly dismissed Kaylor's petition because he was not denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 8
 Absent cause and prejudice, review of Kaylor's coerced confession and unlawful arrest claims is barred because he did not raise these claims during his trial or on direct appeal and the Tennessee Court of Criminal Appeals relied on this procedural default in denying Kaylor's motion for post-conviction relief. See Harris v. Reed, 489 U.S. 255, 260 (1989). No cause and prejudice for the procedural default has been shown and none is otherwise apparent from the record. Thus, consideration of these two claims is barred.
 
 
 9
 Kaylor's ineffective assistance of counsel claim lacks merit because he has not shown that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair or the result unreliable. See Strickland v. Washington,i 466 U.S. 668, 687 (1984).
 
 
 10
 Accordingly, his motion for counsel is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.